ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| HÉCTOR L. ROSADO SANTIAGO<br>RECURRENTE<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>RECURRIDO | KLRA202300586 | Solicitud de Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Núm. PP-864-23 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2024.

Comparece ante esta Curia, por derecho propio, el señor Héctor L. Rosado Santiago (Sr. Rosado Santiago). Mediante su escrito intitulado *Moción de Mandamus [p]or los desembolso[s] del estímulo económico por Covid-19*[1] cuestiona la *Respuesta al Miembro de la Población Correccional*[2] que emitió la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR). En ella, el DCR informó que, a nombre del Sr. Rosado Santiago solo aparece una cuenta bajo el número 139015 y anejó el detalle de las transacciones bancarias.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen administrativo recurrido. Veamos.

**I.**

El 2 de junio de 2023, el Sr. Rosado Santiago instó una primera solicitud de remedios[3] ante el DCR para conocer el estado

---

[1] Cabe señalar que, acogemos el escrito de epígrafe como un recurso de revisión judicial por ser el adecuado en derecho para revisar un dictamen de un ente administrativo.
[2] Apéndice del recurso, págs. 4-12.
[3] Apéndice del *Escrito en Cumplimiento de Resolución*, págs. 2-3.

Número Identificador

SEN2024_____

de su solicitud de desembolso sobre los tres estímulos económicos que autorizó el gobierno federal producto de la pandemia por el COVID-19. Obra en el expediente la *Respuesta del Área Concernida/Superintendente*,[4] notificada el 3 de agosto de 2023, mediante la cual informó al Sr. Rosado Santiago que -con respecto al primer y segundo desembolso- personal del DCR acudió al Departamento de Hacienda para notificar su nombre, entre otros confinados que alegan no haber recibido los referidos desembolsos. En cuanto al tercer desembolso, el Departamento instruyó al Sr. Rosado Santiago a solicitarlo completando el Anejo B3 de la planilla de contribución sobre ingresos del año contributivo 2021, a través del portal del Sistema Unificado de Rentas Internas (SURI).[5]

Cabe señalar que, obra en el expediente una *Resolución*[6] del Tribunal Supremo, emitida el 2 de agosto de 2023, mediante la cual acogió una *Moción de Mandamus*[7] que instó el Sr. Rosado Santiago como *certiorari* y proveyó No Ha Lugar.

De igual manera, surge del expediente que, el 24 de agosto de 2023, el Sr. Rosado Santiago presentó ante el DCR una segunda *Solicitud de Remedio Administrativo*.[8] En ella, hizo constar que presuntamente posee dos cuentas bancarias y solicitó la corrección de sus balances. En reacción, el DCR notificó una segunda *Respuesta del Área Concernida/Superintendente* el 2 de octubre de 2023. Allí, expuso que "[...] sólo aparece una cuenta a su nombre, la cual está identificada con el número 139015. Se aneja el Informe de Transacciones del Confinado (detallado)."[9]

Inconforme, el 13 de noviembre de 2023, el Sr. Rosado Santiago insta ante esta Curia el presente *recurso de revisión*. A pesar de no haber incluido señalamientos de error, inferimos de su

---

[4] Apéndice del *Escrito en Cumplimiento de Resolución,* págs. 6-7.
[5] El DCR le recomendó comunicarse con su Técnico Sociopenal a los fines de contactar a un familiar o allegado que pueda asistirle con este asunto.
[6] Apéndice del recurso, págs. 24-25.
[7] No obra en el expediente ante nos una copia del recurso instado ante el Tribunal Supremo.
[8] Apéndice del recurso, pág. 15.
[9] Apéndice del *Escrito en Cumplimiento de Resolución,* págs. 11-25.

recurso que el Sr. Rosado Santiago interesa que ordenemos al DCR tramitar los desembolsos correspondientes a los estímulos económicos antes mencionados.

En cumplimiento con nuestra *Resolución* de 11 de enero de 2024, la Oficina del Procurador General comparece en representación del DCR. Solicita la desestimación del recurso o, en su defecto, que confirmemos el dictamen impugnado.

**II.**

### A. La Revisión Judicial y la Deferencia

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma razonable. *Andrea Hernández Feliciano v. Municipio de Quebradillas*, 2023 TSPR 6, resuelto el 20 de enero de 2023. Es norma reiterada que, al revisar las determinaciones de los organismos administrativos, los tribunales apelativos le conceden gran consideración y deferencia, por la experiencia y el conocimiento especializado que estos poseen. *Íd.*

Por su parte, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "evidencia sustancial que obra en el expediente administrativo". Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por eso, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente contrarias a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021); *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117 (2019).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra*, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Superintendente*, 201 DPR 26 (2018). Por ende, "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". *Íd.* Lo anterior responde a la vasta experiencia y al conocimiento especializado que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Junta de Planificación,* 204 DPR 581 (2020).

Por consiguiente, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, éstas deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Graciani Rodríguez v. Garage Isla Verde*, supra. Al revisar las decisiones de las agencias, el criterio rector que debe guiar a los tribunales es la razonabilidad de la actuación, aunque esta no tiene que ser la única o la más razonable. *Andrea Hernández Feliciano v. Municipio de Quebradillas,* supra.

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Íd.*

Acorde con lo antes expuesto, la revisión judicial de los dictámenes administrativos está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Íd.* Por tanto, si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de

derrotar, con suficiente evidencia, que la decisión del ente administrativo no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Capó Cruz v. Junta de Planificación, supra; Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004). De no identificarse y demostrarse esa otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad. *O.E.G. v. Rodríguez,* 159 DPR 98, 118 (2003).

A la luz de la normativa expuesta anteriormente, pasemos a analizar los hechos particulares del caso de autos.

### III.

Surge del tracto procesal que, el Sr. Rosado Santiago instó separadamente dos solicitudes de remedios ante el DCR y nos suplica la revisión de las correspondientes respuestas emitidas por la agencia recurrida. La primera, identificada con el número PP-736-23, iba dirigida a conocer el estado de su solicitud de desembolso de los tres estímulos económicos relacionados al COVID-19. Sin embargo, carecemos de jurisdicción para revisar el referido dictamen. Ello, debido a que, el recurso de epígrafe fue presentado transcurridos más de treinta (30) días desde la notificación de la *Respuesta del Área Concernida/Superintendente* el 3 de agosto de 2023.[10] Como consecuencia, esta Curia tiene la obligación de declararse sin jurisdicción sobre este particular, pues sabemos que un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción y debe ser desestimado. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C).

---

[10] Véase, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, la cual dispone que una parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones dentro de un término de (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o de la resolución final de la agencia. *ORIL v. El Farmer, Inc.*, 204 DPR 229, 238 (2020). Añádase a ello que, nuestro ordenamiento jurídico no permite que revisemos conjuntamente dos resoluciones administrativas distintas en un mismo recurso de revisión judicial. *M-Care Compounding et al. v. Depto. Salud*, 186 DPR 159, 179 (2012); Sección 4.2 de la LPAU, 3 LPRA sec. 9672.

En la segunda solicitud de remedio, identificada con el número PP-864-23, el Sr. Rosado Santiago señaló que posee dos cuentas bancarias de las cuales solicitó la corrección de sus balances. En respuesta, el DCR hizo constar que, hizo una búsqueda en el sistema y solo halló la cuenta bancaria número 139016 bajo el nombre del Sr. Rosado Santiago. Junto a su dictamen, el DCR anejó un documento con el detalle de sus transacciones desde el 31 de mayo de 2011 hasta el 14 de agosto de 2023. Pudimos constatar del referido informe que los desembolsos objeto de este recurso no están reflejados en la cuenta 139015. Sin embargo, destacamos que, surge del expediente una *Certificación*[11] firmada el 23 de enero de 2024 por un empleado del Departamento de Hacienda. En ella certificó que, realizó una búsqueda en el sistema del Departamento de Hacienda para indagar sobre el estado procesal de los tres pagos de incentivos en cuestión, la cual no pudo finalizar debido a que no coincide el nombre del Sr. Rosado Santiago con el número de seguro social que él proveyó en la *Solicitud de Remedio Administrativo* (PP-736-23).[12]

A la luz de lo anterior, nos resultan suficientes las gestiones que realizó el DCR dirigidas a atender la solicitud del Sr. Rosado Santiago. Tales actuaciones del DCR no fueron irrazonables, arbitrarias o ilegales. A lo antes se añade que, el recurrente no derrotó la presunción de corrección y deferencia de la cual gozan las determinaciones finales de las agencias administrativas. Le corresponde al Sr. Rosado Santiago clarificar sus datos personales y ejecutar los trámites necesarios ante el Departamento de Hacienda a modo de que dicha agencia le adjudique los desembolsos económicos que solicita, de ser elegible.

---

[11] Apéndice del *Escrito en Cumplimiento de Resolución,* pág. 30.
[12] Apéndice del *Escrito en Cumplimiento de Resolución,* pág. 2.

**IV.**

Por los fundamentos expuestos, confirmamos el dictamen recurrido relacionado a la solicitud de remedios número PP-864-23.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones